UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEHMAN BROTHERS HOLDINGS, INC.,

  Plaintiff,

v.                Case No. 8:06-cv-2030-T-24 MSS

SCOTT HIROTA, et al.,

  Defendants.
_____/

**ORDER**

This cause comes before the Court on the following motions: Plaintiff Lehman Brothers Holdings, Inc.'s Rule 59(e) Motion to Amend or Alter Judgment (Doc. No. 398) and responses by Defendants Equitable Title of Florida, Inc. ("Equitable Title") and Fred N. Passarelli and Passarelli & Potts Appraisal Service, Inc. ("the Passarelli Defendants") (Doc. Nos. 411, 413); Plaintiff's Motion for Stay of Execution of Judgment (Doc. No. 399) and Defendants' responses (Doc. Nos. 412, 414); Equitable Title's Motion to Tax Attorneys' Fees and Costs (Doc. Nos. 395, 396, 397), Plaintiff's response (Doc. No. 410), and Equitable Title's reply (Doc. No. 417); and Plaintiff's Rule 54(d) Objection to, and Motion to Vacate, Clerk's Taxation of Costs in Favor of Passarelli (Doc. No. 409) and the Passarelli Defendants' Affidavit of Costs (Doc. No. 403). The Court declines to hear oral argument on these motions.

**I. Plaintiff's Rule 59(e) Motion to Amend or Alter Judgment**

Plaintiff moves the Court to reconsider its March 3, 2008 order granting Defendants a set-off for the amount Plaintiff received from settlements with other defendants and for the value of the properties at issue in this case, and dismissing without prejudice Plaintiff's claims against the borrower defendants. Plaintiff moves for reconsideration on four grounds: (1) that the Court

wrongly gave Defendants a double-credit for settlement proceeds; (2) that the Court incorrectly reduced the jury award by factoring the collateral; (3) that the Court erred in determining that foreclosure could and should have occurred earlier; and (4) that the Court erroneously dismissed Plaintiff's claims against the borrower defendants rather than completing the foreclosures to which the borrower defendants consented.

Rehearing under Rule 59 is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce resources." *Int'l Union of Painters v. Argyros*, No. 05-1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007) (citations and quotations omitted). A party seeking rehearing has the burden to "demonstrate why the court should reconsider its prior decision and [must] set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (citations and quotations omitted). To establish a basis for rehearing, Plaintiff must show either: "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or manifest injustice." *Id.* (citations and quotations omitted). A Rule 59(e) motion may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Plaintiff is essentially re-hashing the arguments it presented in opposition to Defendants' motions for set-off, or in some instances, presenting new arguments that it should have already made, and therefore, has fallen short of the standard for reconsideration. The Court already fully considered and properly rejected Plaintiff's method for calculating the set-offs. The fact that Plaintiff disagrees with that decision is not a proper basis for a Rule 59 motion. Furthermore,

Plaintiff has failed to identify a change in the law, new evidence, or a clear error regarding the Court's decision to dismiss without prejudice its claims against the borrower defendants. Rule 59 is not "a vehicle for raising issues or citing authorities the party could or should have presented prior to the court's ruling. In addition, it is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." *Int'l Union of Painters*, No. 05-1661, 2007 WL 1577840, at *1 (citations and quotations omitted). Therefore, Plaintiff's Rule 59(e) motion to amend or alter the judgment is **DENIED**.

## II.     Plaintiff's Motion for Stay of Execution of Judgment

Plaintiff moves to stay execution of the judgment entered in Defendants' favor pursuant to Federal Rule of Civil Procedure 62 until the Court rules on Plaintiff's motion to amend or alter the judgment, including any appeals. This motion is **DENIED AS MOOT**, as the Court has elected to rule on these motions simultaneously and because, as explained below, the Court has directed the Clerk to vacate the judgment.

## III.    Equitable Title's Motion to Tax Attorneys' Fees and Costs

Equitable Title seeks attorneys' fees in the amount of $535,759.50 and costs in the amount of $58,715.72 as the prevailing party on each of Plaintiff's breach of contract claims. In particular, Equitable Title argues that it was the prevailing party on the seven breach of contract claims that were considered by the jury, despite the jury's finding that it breached the contracts, because the Court set off the jury's verdict to zero and entered judgment in its favor. As to the remaining two claims for breach of contract for the Victor Angel properties, which were not considered by the jury, Equitable Title contends that it was the prevailing party because the Court entered a directed verdict on those claims. As the prevailing party, Equitable Title

3

contends, it is entitled to attorneys' fees and costs pursuant to the contracts themselves and because it made an offer of judgment that Plaintiff rejected.[1]

### A. Attorneys' Fees

The Court applies the substantive law of Florida to determine entitlement to attorneys' fees. *Transcoastal Roofing Co., Inc. v. David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002). "Attorney's fees incurred while prosecuting or defending a claim are not recoverable in the absence of a statute or contractual agreement authorizing their recovery." *Price v. Taylor*, 890 So. 2d 246, 250 (Fla. 2004).

"[I]n a breach of contract action, one party must prevail, absent compelling circumstances." *Hutchinson v. Hutchinson*, 687 So. 2d 912, 913 (Fla. 4th DCA 1997). The Florida Supreme Court has set forth the following test to identify the prevailing party for attorneys' fees:

> It is our view that the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court.

*Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992.) *Moritz* involved the breach of a contract for the construction of real estate. *Id.* The court determined that it was the plaintiffs–not the defendant–who breached the contract. *Id.* However, the plaintiffs were awarded the return of their escrow deposit, an amount that exceeded the damages awarded to the defendant on its counterclaim. *Id.* at 809-10. The court ruled that the defendant was the prevailing party, despite having to return a portion of the escrow deposit to the plaintiffs,

---

[1]Equitable Title's offer of judgment was untimely, for the reasons explained in Plaintiff's memorandum, and therefore the Court rejects this argument as a basis for entitlement to attorneys' fees and costs.

because it prevailed on the significant issue of whether it breached the contract. *Id.*

Under this "significant issues" test, this Court rules that Plaintiff–and not Equitable Title–was the prevailing party with regard to the seven breach of contract claims considered by the jury. Upon review of the record, it is clear that the significant issue in this case (at least with regard to Equitable Title) was whether Equitable Title breached the closing instructions by conducting closings on the properties, despite the existence of secondary financing and/or despite the existence of seller concessions in excess of those allowed by the closing instructions. The jury concluded that Equitable Title entered into contracts with Plaintiff, that Equitable Title breached those contracts, and that Plaintiff sustained damages as a result of the breaches. The fact that the Court later set-off the damages awarded by the jury, due to Plaintiff's settlement with other defendants and the value of the properties, does not change the fact that Plaintiff prevailed on the significant issue of whether Equitable Title breached the contracts and caused damage to Plaintiff.[2] *Crockett v. State Farm Fire & Cas. Co.*, 849 F. 2d 1369, 1372 (11th Cir. 1988) (rejecting the defendant's argument that the plaintiff was not a prevailing party based on

---

[2]To the extent that *Tacher v. Mathews*, 845 So. 2d 332 (Fla. 3d DCA 2003), would require a different result, the Court is not obligated to follow it. *Tacher* was a personal injury action in which the jury awarded damages against the tortfeasor that were eventually set-off, resulting in a zero award. *Id.* Florida's Third District Court of Appeal ruled that the injured party was not entitled to costs as the prevailing party, despite the jury's award of damages, because the final judgment in the case provided that the injured party had no right to recover any money and the tortfeasor owed her no obligation. *Id.*
   *Tacher* seems to conflict with the "significant issues" test announced in *Moritz* because it would require the Court to take a more simplified approach to identifying the prevailing party and only examine whether Plaintiff was entitled to receive any money from Equitable Title after set-off. However, because the Florida Supreme Court has spoken on this issue in *Moritz*, the Court is bound to follow that decision. *See McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002) (observing that the federal courts are bound to follow decisions of the state's intermediate appellate courts "unless there is some persuasive indication that the highest court of the state would decide the issue differently").

the set-off because "[j]udgment was entered in favor of [plaintiff] and a setoff against the award does not change that status"). Therefore, Plaintiff may be entitled to contractually authorized attorneys' fees for the seven contracts due to its prevailing party status.

Under this same "significant issues" standard, the Court concludes that Plaintiff did not prevail on its claims that Equitable Title breached the closing instructions on the two Victor Angel properties. The Court entered a directed verdict on these two claims because Equitable Title was not a party to those contracts. However, precisely because Equitable Title was not a party to those contracts, it is not entitled to recover prevailing party attorneys' fees authorized by the contracts on those claims. *See Fielder v. Weinstein Design Group*, 842 So. 2d 879 (Fla. 4th DCA 2003) (ruling that a litigant who was dismissed because he was not a party to the contract may not recover, nor be obligated to pay, prevailing party fees).

The Court also concludes that the judgment should have been entered in favor of Plaintiff on Count IV for Breach of Contract. Such a judgment would be more consistent with the jury's verdict that Equitable Title breached the seven contracts that the jury considered. *See d'Hedouville v. Pioneer Hotel Co.*, 552 F.2d 886, 896 (9th Cir. 1977) (entering judgment in favor of plaintiff even where the jury's damages award was entirely offset by a prior settlement). This correction is of little consequence, however, because the verdict has been reduced to zero after applying the set-offs, and Plaintiff is not entitled to recover from Equitable Title any of the jury's award of damages. The Clerk is directed to **VACATE** the judgment entered in favor of Equitable Title as to Count IV for Breach of Contract (Doc. No. 393), and to enter judgment in favor of Plaintiff.

    **B.**    **Costs**

In determining taxable costs, a district court sitting in diversity is governed by federal law. *Zunde v. International Paper Co.*, No. 98-439, 2000 U.S. Dist. LEXIS 14754, at *12 (M.D. Fla. Jul. 29, 2000). Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "should be allowed to the prevailing party" unless federal law or the court provide otherwise.[3] Although the presumption is in favor of the award of costs, the Court may deny costs to a prevailing party. *Rosa v. City of Fort Myers*, No. 05-481, 2008 U.S. Dist. LEXIS 32286, at *2-3 (M.D. Fla. April 18, 2008). Title 28 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under its discretionary authority found in Rule 54(d).

Because Equitable Title was not the prevailing party on the seven breach of contract claims considered by the jury, it may not recover costs related to those claims. Equitable Title, however, may be entitled to recover costs for the two breach of contract claims for the Victor Angel properties, provided that such costs are allowable under § 1920 and it can prove those costs were expended in defending those two particular claims.

Accordingly, Equitable Title's Motion to Tax Attorney's Fees and Costs is **GRANTED IN PART AND DENIED IN PART**. The Court will entertain a motion for attorneys' fees and costs from Plaintiff; however, the motion must be limited to its entitlement to fees and costs for only the seven breach of contract claims considered by the jury. The motion must be filed on or before December 1, 2008. Furthermore, the Court notes that although Plaintiff is the prevailing party on these claims, it must demonstrate that its entitlement to attorneys' fees is authorized by

---

[3]Before the December 1, 2007 amendment, Rule 54(d)(1) provided that costs "shall" be allowed. The Court notes that the Advisory Committee notes relating to the 2007 amendments states that "[t]he language of Rule 54 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only."

statute or contractual agreement. *Price,* 890 So. 2d at 250. Finally, on or before December 1, 2008, Equitable Title may seek its costs in defending Plaintiff's two breach of contract claims for the Victor Angel properties.

## IV. Plaintiff's Rule 54(d) Objection to, and Motion to Vacate, Clerk's Taxation of Costs in Favor of Passarelli

Plaintiff moves to vacate the Clerk's taxing of costs totaling $22,024.60 in favor of the Passarelli Defendants on its negligence and negligent misrepresentation claims. To determine whether the Passarelli Defendants are entitled to their costs under Rule 54(d), the Court again must determine who prevailed on these claims.

For the same reasons explained above, it is Plaintiff and not the Passarelli Defendants who prevailed. The jury determined that the Passarelli Defendants were negligent and that their negligence caused Plaintiff damages. As to the negligent misrepresentation claim, the jury determined that the Passarelli Defendants prepared false or inaccurate real estate appraisals that Plaintiff relied on to its detriment, causing Plaintiff damages. The fact that the Court ultimately set off the jury's award of damages does not alter Plaintiff's status as the prevailing party. *Crockett*, 849 F. 2d at 1372; *d'Hedouville*, 552 F. 2d at 896. Therefore, the Clerk is directed to **VACATE** the judgment entered in favor of the Passarelli Defendants as to Counts II and III for negligence and negligent misrepresentation (Doc. No. 393), and to enter judgment in favor of Plaintiff.

Plaintiff's Motion to Vacate the Clerk's Taxation of Costs is **GRANTED**. The Clerk is directed to **VACATE** the Bill of Costs it entered on March 24, 2008. (Doc. No. 404.) On or before December 1, 2008, Plaintiff may seek its costs in prosecuting these claims against the Passarelli Defendants.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of October, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record