UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEHMAN BROTHERS HOLDINGS, INC.,

        Plaintiff,

vs.                                  Case No. 8:06-CV-2030-T-24-MSS

SCOTT HIROTA, et al.,

        Defendants.
_____/

# **O R D E R**

This cause comes before the court on the following motions: Defendant Equitable Title of Florida, Inc.'s ("Equitable Title") Motion to Tax Costs and Request for Oral Argument (Doc. No. 444) and Plaintiff Lehman Brothers Holdings, Inc.'s ("Lehman Brothers") response (Doc. No. 452); Lehman Brothers' Motion for Attorneys' Fees and Costs against Equitable Title and Motion for Costs against Passarelli (Doc. No. 446), Equitable Title's response (Doc. No. 448, 451), Defendants Fred N. Passarelli's and Passarelli & Potts Appraisal Service, Inc.'s ("the Passarelli Defendants") response (Doc. No. 454), Equitable Title's Objections to Lehman Brothers' Motion for Costs against Equitable Title (Doc. No. 449), and Lehman Brothers' reply (Doc. No. 458); the Pasarelli Defendants' Motion to Tax Attorney Fees and Costs (Doc. No. 447) and Lehman Brothers' response (Doc. No. 453); and Equitable Title's Motion for Setoff as to Lehman Brothers' Motion for Attorneys' Fees and Costs (Doc. No. 450), Lehman Brothers' response (Doc. No. 459), and Equitable Title's reply (Doc. No. 462).

**I.**     **Equitable Title's Motion for Setoff as to Lehman Brothers' Motion for Attorneys' Fees and Costs**

Equitable Title moves the Court to setoff the amount of attorneys' fees and costs that

Lehman Brothers can recover by $1,640,600, claiming a "credit" from the Court's previous setoff of the verdict. The jury found Equitable Title breached seven closing instruction contracts with Lehman Brothers and awarded damages against it worth $2,804,400. Thereafter, the Court granted Equitable Title's motion to setoff that verdict by $2,625,000, which represented the amount that Lehman Brothers received from settling defendants, and by $1,820,000, which represented the value of the collateral that Lehman Brothers retained. As a result, although Lehman Brothers was the prevailing party in its claim for breach of seven contracts against Equitable Title, the verdict was reduced to zero.

Equitable Title now argues that it is entitled to a $1,640,600 "credit" against the amount of attorneys' fees and costs that Lehman Brothers is seeking. Equitable Title calculates that "credit" by subtracting both the $2,625,000 setoff and the $1,820,000 setoff from the $2,804,400 verdict, which it contends results in a $1,640,600 "credit." It argues that, once the Court sets off any award of attorneys' fees and costs to Lehman Brothers by this amount, the judgment against Equitable Title will still be zero because the $1,640,600 "credit" far exceeds the $685,292.22 in fees and costs that Lehman Brothers is seeking.

The Court, however, never ruled that Equitable Title received a "credit" for the amount by which the setoff exceeded the verdict. To the contrary, the Court ruled that the setoff represented money that Lehman Brothers had already received from settling defendants to recover the single loss it suffered on 13 properties–the outstanding balance due on the defaulted mortgage loans–as well as, represented the value of the properties that Lehman Brothers retained. (Doc. No. 392.) The Court did not rule–and Equitable Title has not shown–that the setoff also represented the attorneys' fees and costs that Lehman Brothers incurred or recovered

2

from settling defendants.

Equitable Title has not cited–and the Court has been unable to find–any caselaw that directly addresses the setoff of attorneys' fees against prior settlement amounts or collateral, or the creation of a "credit" when the setoff exceeds the verdict. Some cases merely find that, when both parties receive positive awards, the awards may be offset against each other. The other cases cited by Equitable Title are either factually distinguishable, or they merely stand for the proposition that prior settlement amounts can be offset against verdicts, as was done here.

The Court is persuaded, however, to follow in part *Pysz v. Ande*, 523 So. 2d 698 (Fla. 4th DCA 1988), a case cited by Lehman Brothers. In that case, the trial court denied an award of attorneys' fees to the prevailing party because the verdict was entirely set off by prior settlement amounts. *Id.* at 698-99. That ruling was reversed on appeal because "neither the [setoff] statute nor the [prevailing party's agreement with his attorney] restrict[ed] the prevailing party's right to a judgment for reasonable fees." *Id.* at 699. Although this case involved statutory attorneys' fees in a medical malpractice action, it stands for the general proposition that a plaintiff who successfully prosecutes his claim can recover attorneys' fees, despite the verdict being reduced to zero. *Id.*

Accordingly, Equitable Title's motion for a $1,640,600 "credit" against the amount of attorneys' fees and costs that Lehman Brothers is seeking must be denied. The setoff represented money that Lehman Brothers had already received to recover its damages and did not represent its attorneys' fees or costs. Moreover, Florida law permits a prevailing party to recover its attorneys' fees and costs, even if the verdict is not collectable because it has been reduced to zero after a setoff is applied.

3

In its motion, Equitable Title also contends that the Court should setoff Lehman Brothers' award of attorneys' fees and costs by the award of costs that Equitable Title is entitled to as the prevailing party on the two Victor Angel claims. The Court agrees, and Lehman Brothers does not dispute, that Equitable Title is entitled to such a setoff. Accordingly, Equitable Title's motion is **GRANTED** to the limited extent that the Court shall set off Lehman Brothers' award of costs by Equitable Title's award of costs. Otherwise, the motion for setoff is **DENIED**.

II. **Lehman Brothers' Motion for Attorneys' Fees and Costs against Equitable Title and Motion for Costs against Passarelli**

Having rejected Equitable Title's proposition that Lehman Brothers' attorneys' fee award should be set off by the amount that the Court's previous setoff for settlement amounts and collateral exceeded the jury verdict, the Court now turns to Lehman Brothers' motion for an award of attorneys' fees and costs.

A. **Attorneys' Fees**

Lehman Brothers seeks attorneys' fees from Equitable Title as the prevailing party in this case. The closing instruction contracts, which the jury found that Equitable Title breached, provided for "reasonable attorney's fees" that result from such a breach.

There is no dispute that Lehman Brothers is entitled to its attorneys' fees under this contractual provision. Indeed, Equitable Title previously argued that it was entitled to recover its fees from Lehman Brothers under this same provision. In light of the jury's verdict that Equitable Title breached the closing instructions, and the entry of judgment in favor of Lehman Brothers on this count, Lehman Brothers is entitled to recover its reasonable attorneys' fees from

4

Equitable Title.

Lehman Brothers seeks $578,616.16 in attorneys' fees for prosecuting this matter against Equitable Title, which, it contends, represents less than 40 percent of the total attorneys' fees and costs that it incurred in this case. Lehman Brothers submits that it is only seeking fees that were directly connected to its case against Equitable Title. Furthermore, Lehman Brothers went to trial against both Equitable Title and the Passarelli Defendants. But, because there is no basis for recovery of fees against the Passarelli Defendants, Lehman Brothers is only seeking one-half of the fees it incurred for the trial.

In support of its request for fees, Lehman Brothers submitted billing records that reflect the hours expended and the hourly rates for each of the attorneys and paralegals who worked on this matter. The billing rates for its attorneys and paralegals range from $220 to $420. Lehman Brothers contends that the number of hours it expended in this case is reasonable in light of Equitable Title's overly litigious defense, including harassing discovery tactics, the filing of an unnecessary motion to strike Lehman Brothers' experts, improper pretrial proceedings, and the renewal of a frivolous motion for judgment as a matter of law. Lehman Brother's motion is supported by an affidavit by an independent expert witness, Ronald B. Cohn, who reviewed the billing records and opined that they are reasonable. Notably, Equitable Title does not object to Lehman Brothers' hourly rates.

The Court has reviewed all of the billing records and finds that Lehman Brothers' hourly rates are reasonable and that it may recover attorneys' fees at the rates charged. However, once a court has determined whether the hourly rates and number of hours expended were reasonable, it "may add or subtract from the fee based upon . . . the results obtained." *Fla. Patient's Comp.*

*Fund v. Rowe*, 472 So. 2d 1145, 1151 (Fla. 1985).  Here, the Court finds that the amount of fees that Lehman Brothers may recover must be reduced because of the limited success that it achieved in this case.  *Malagon v. Solari*, 566 So. 2d 352 (Fla. 4th DCA 1990) (ruling that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 439, 103, S. Ct. 1933, 1943, 76 L. Ed. 2d 40 (1983)).  The Florida Supreme Court has instructed:

> The "results obtained" may provide an independent basis for reducing the fee when the party prevails on a claim or claims for relief, but is unsuccessful on other unrelated claims.  When a party prevails on only a portion of the claims made in the litigation, the trial judge must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims.  In adjusting the fee based upon the success of the litigation, the court should indicate that it has considered the relationship between the amount of the fee awarded and the extent of the success.

*Id.*

This case involved an alleged mortgage fraud scheme in which Lehman Brothers was induced to fund 13 residential mortgage loans totaling over $6.8 million based on materially false financial information, undisclosed second mortgages, and overvalued appraisals.  The recovery Lehman Brothers was seeking was broad.  In its 73-page Amended Complaint, Lehman Brothers asserted seven causes of action in tort and contract against numerous defendants.  Lehman Brothers sued five categories of defendants: the individual borrowers, the appraiser, the mortgage broker, the closing agents, and the title company.  In particular, Lehman Brothers sued Equitable Title for fraud, negligent misrepresentation, negligence, breach of contract, breach of fiduciary duty, and civil conspiracy.  Lehman Brothers also sued 135 individual tenants to

foreclose on their rights to the properties at issue.

However, early in litigation, the Court dismissed many of Lehman Brothers' claims under the economic loss rule. Several other defendants settled their claims with Lehman Brothers before trial. Ultimately, Lehman Brothers proceeded to trial against Equitable Title on only one claim–breach of contract. Furthermore, although the jury found that Equitable Title breached the contracts on seven properties (out of the nine properties on which it was sued), that verdict was setoff to zero due to Lehman Brothers' prior settlements and recovery of the properties. Lehman Brothers recovered nothing from Equitable Title. In light of these circumstances, the Court concludes that Lehman Brothers' attorneys' fees should be reduced.

In evaluating the extent of this litigation, the Court finds the opinions of Houston Short, an independent expert witness who Equitable Title retained to review this case and Lehman Brothers' billing records, particularly persuasive. As Mr. Short noted, Lehman Brothers cast a "wide net" against numerous defendants, of which Equitable Title was only one. Mr. Short further noted that, although Lehman Brothers initially sued Equitable Title in tort, the case was "reduced to a rudimentary breach of contract against Equitable Title of Florida, Inc. for failure to follow closing instructions." Based on these reasons, Mr. Short ultimately opined that the sum of $374,484.28 is a reasonable fee to be awarded to Lehman Brothers. The Court agrees, and adopts the opinions of Mr. Short.

In summary, the Court concludes that, because of the relative lack of success that Lehman Brothers obtained against Equitable Title, in comparison to the numerous claims Lehman Brothers originally brought against numerous parties, and because Lehman Brothers ultimately recovered no damages from Equitable Title, Lehman Brothers' attorneys' fees award

7

must be reduced. Lehman Brothers is entitled to recover $374,484.28 in attorneys' fees from Equitable Title.

**B.     Costs**

Lehman Brothers also seeks $106,676.06 in costs as the prevailing party against Equitable Title and the Passarelli Defendants under Rule 54(d)(1) of the Federal Rules of Civil Procedure. Lehman Brothers contends that all of the costs submitted are taxable under 28 U.S.C. § 1920, including deposition and trial transcripts, witness fees, filing fees, subpoenas of witnesses, and service of process.

Equitable Title and the Passarelli Defendants vigorously oppose the taxation of these costs against them on various grounds. In particular, Equitable Title contends that it should not be liable for any costs Lehman Brothers incurred litigating the claims against any other party or on claims for which Equitable Title obtained a directed verdict. Notably, out of the 13 properties at issue in this case, Lehman Brothers sued Equitable Title for breach of contract on nine of the properties, and Equitable Title obtained a directed verdict on two of the properties. Furthermore, Equitable Title argues that it should only be liable for a portion of the costs associated with the seven properties for which the jury found it had breached the closing instruction contracts because the Passarelli Defendants were also found to be liable on these seven properties.

The Court agrees. In reviewing the extensive costs records, the Court is unable to distinguish the costs that were incurred in litigating claims against Equitable Title from costs incurred in litigating claims against the Passarelli Defendants, or against other defendants. Furthermore, Lehman Brothers has not responded to Equitable Title's argument that it should only be taxed a portion of the costs because the Passarelli Defendants were also liable.

8

Accordingly, Lehman Brothers' motion is **GRANTED** to the extent that Lehman Brothers is entitled to recover $374,484.28 in attorneys' fees from Equitable Title. The motion is **DENIED WITHOUT PREJUDICE** to the extent that Lehman Brothers is seeking an award of costs. Lehman Brothers is directed to file an amended motion for costs against Equitable Title and the Passarelli Defendants on or before January 19, 2010. In the motion, Lehman Brothers must only seek costs associated with the seven properties for which the jury found that Equitable Title had breached the closing instruction contracts and must only seek costs associated with litigating its negligence and negligent misrepresentation claims against the Passarelli Defendants. Furthermore, Lehman Brothers must explain to the Court the appropriate method for apportioning the costs between these two defendants. Finally, Lehman Brothers must re-submit detailed costs records in an organized fashion so that the Court can easily review and assess which costs may be taxed.

## III. Equitable Title's Motion to Tax Costs and Request for Oral Argument

Equitable Title moves to recover the costs it incurred in defending Lehman Brothers' breach of contract claims for the two Victor Angel properties. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs shall be allowed as of course to a prevailing party unless the court directs otherwise. The Court already ruled that Equitable Title could recover costs for the two breach of contract claims for the Victor Angel properties, "provided that such costs are allowable under [28 U.S.C.] § 1920 and it can prove those costs were expended in defending those two particular claims." (Doc. No. 240, p.7.)

Equitable Title offers two methods for calculating its costs for the Angel claims: (1) two-ninths of the total costs Equitable Title incurred defending the entire action, which equals

9

$9,201.48; or (2) $6,340.89, which represents Equitable Title's "best efforts" to identify its costs in defending the Angel claims.

Lehman Brothers contends that Equitable Title's two-ninths calculation should be rejected, and the Court agrees. Equitable Title's defense to the Angel claims was relatively straightforward: Equitable Title moved for a directed verdict on these claims because it was not a party to the two relevant Angel contracts. The Court granted the motion on that basis, and Equitable Title was not required to present any further defense for those claims. Equitable Title did not raise this defense for the remaining seven breach of contract claims. Rather, its defense against the remaining claims was factually-intensive and required numerous depositions, a significant amount of discovery, and multiple witnesses' testimony at trial. The Court already ordered that Equitable Title was permitted to recover only the costs specifically expended in defending the two Angel claims. To permit Equitable Title to recover two-ninths of its overall costs would be overcompensation.

At this time, Lehman Brothers does not dispute that Equitable Title is entitled to recover costs pursuant to Rule 54(d)(1) as the prevailing party on the Angel claims. It does, however, dispute certain costs as non-compensable under 28 U.S.C. § 1920. That statute enumerates the specific expenses a federal court may tax.

Lehman Brothers contends that certain costs detailed on Equitable Title's deposition invoices are not taxable, such as costs for shipping and handling, CD transcripts, and binding of exhibits. The Court agrees. *Ferguson v. Bombardier Servs. Corp.*, No. 8:03-cv-539-T-30MSS, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007) ("[I]mbedded in the deposition transcript fees are fees for converting the videos to digital, expedited or condensed transcripts, and copies, all of

which are not reimbursable under § 1920"); *Eggleston v. Bradshaw*, No. 02-80555-CIV, 2007 WL 1760912, at *4 (S.D. Fla. June 18, 2007) (ruling that costs for shipping, handling, and delivery are not recoverable). Equitable Title may not recover the following deposition costs, which amount to $222.80 in non-recoverable deposition costs: $32.50 in CD ROM and courier costs for the Patrick Kennedy deposition; $121.48 in costs for CD transcripts, condensed transcripts, exhibit binding, and shipping for the Victor Angel and David Angel depositions; $46.00 in CD and shipping costs for the Laura Wade deposition; and $22.82 in CD and delivery costs for the Carl Peterson deposition.

Lehman Brothers also objects to the taxation of "rush" fees on several of the invoices related to service of process. The Court agrees that these "rush" fees are not recoverable under § 1920. *Am. Casualty Co. of Reading, P.A. v. Health Care Indem., Inc.*, No. 8:07-cv-421-T-33EAJ, 2009 WL 1456429, at *1 (M.D. Fla. May 22, 2009) ("[S]ome of the invoices contain charges for 'rush fees,' which are not compensable . . . ."). Equitable Title may not recover the $55.00 rush fee for service on Patrick Kennedy, the $30.00 rush fee for service on Carl Peterson, or the $30.00 rush fee for service on Laura Wade, which amounts to $115.00 in non-recoverable rush fees.

Lehman Brothers also objects to the taxation of the $500.00 in copying and production costs on the grounds that Equitable Title has made little effort to explain the charges, short of a conclusory statement that it is entitled to recover costs for copies of documents used for the case. The Court agrees. A party seeking to recover photocopy costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. *Ferguson*, 2007 WL 601921, at *6. Equitable Title seeks to recover $500.00

in photocopy and production costs, including deposition and trial exhibits. However, it has failed to identify the nature of these documents beyond stating that the $500.00 represents an "[e]stimate of copies for one banker's box regarding David Angel/Victor Angel." The party must also provide supporting documentation for the costs, which Equitable Title failed to do. *Id.* Accordingly, Equitable Title may not recover the $500.00 it seeks in photocopy and production costs.

The Court has reviewed the remainder of the invoices that Equitable Title has submitted in support of its motion for costs and concludes that they represent taxable costs under 28 U.S.C. § 1920. Accordingly, Equitable Title's motion to tax costs is **GRANTED** to the extent that, of the $6,340.89 in requested costs, Equitable Title is entitled to $5,503.09 in taxable costs from Lehman Brothers. However, the Court will set off Lehman Brothers' award of costs by this amount, once the issue of Lehman Brothers' costs is resolved. The motion is **DENIED** to the extent that $837.80 of the requested costs are non-taxable, as explained above. Equitable Title's request for oral argument is **DENIED**.

## IV. Passarelli Defendants' Motion to Tax Attorneys' Fees and Costs

The Passarelli Defendants move to recover the costs they incurred as the prevailing party for the claims asserted against them by Lehman Brothers. Specifically, they move the Court to vacate the portion of the Court's October 30, 2008 order, which vacated the judgment in favor of the Passarelli Defendants, and to reinstate the award of costs that was previously taxed by the Clerk in their favor for $22,024.60. Notably, the motion is titled as a motion to recover both attorneys' fees and costs; however, the Passarelli Defendants only seek an award of costs in the motion.

This motion is simply an untimely request for the Court to reconsider its ruling that it was Lehman Brothers–and not the Passarelli Defendants–who was the prevailing party as to Counts II and III for negligence and negligent misrepresentation. (Doc. No. 420.) As the Court explained in its October 30, 2008 order, Lehman Brothers was the prevailing party on those claims because the jury determined that the Passarelli Defendants were negligent, that their negligence caused Lehman Brothers' damages, and that the Passarelli Defendants prepared false or inaccurate real estate appraisals that Lehman Brothers relied on to its detriment, causing damages. On that date and at the Court's direction, the Clerk vacated the judgment and the improper taxation of costs previously entered in favor of the Passarelli Defendants.

Now, approximately one year later, the Passarelli Defendants are moving the Court to reconsider that decision. The motion is time-barred under Federal Rules 59 and 60, as it should have been filed no later than ten days after the entry of the corrected judgment. Moreover, the Passarelli Defendants have not cited a single case that would convince the Court to disturb its prior ruling that Lehman Brothers was the prevailing party on those claims. Rather, the Passarelli Defendants cite Florida caselaw that the Court already considered and rejected last year. Accordingly, because the motion is untimely and lacks merit, it is **DENIED**.

## V.     Conclusion

The Clerk is directed to enter an amended judgment to reflect an award of attorneys' fees in favor of Lehman Brothers and against Equitable Title in the amount of $374,484.28. The Court will direct the Clerk to amend the judgment again to reflect the appropriate award of costs, once the issue of costs is resolved.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of December, 2009.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge