UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEHMAN BROTHERS HOLDINGS, INC.,

        Plaintiff,

vs.                                            Case No. 8:06-CV-2030-T-24-MSS

SCOTT HIROTA, et al.,

        Defendants.
_____/

## **O R D E R**

This cause comes before the court on Plaintiff Lehman Brothers Holdings, Inc.'s ("Lehman Brothers") Amended Motion for Costs Against Equitable Title and Passarelli (Dkt. 475). Defendant Equitable Title of Florida, Inc. ("Equitable Title") filed a response to the motion. (Dkt. 480.) Defendants Fred N. Passarelli and Passarelli & Potts Appraisal Service, Inc. ("the Passarelli Defendants") did not respond to the motion, despite the fact that Lehman Brothers is seeking an award of costs against them.

**I.    Background**

The instant motion was filed in response to the Court's December 16, 2009 order directing Lehman Brothers to file an amended motion for costs. (Dkt. 465.) In its original motion, Lehman Brothers sought $106,676.06 in costs as the prevailing party against Equitable Title and the Passarelli Defendants under Rule 54(d)(1) of the Federal Rules of Civil Procedure. The Court, however, denied that motion without prejudice because Lehman Brothers had not distinguished the costs it incurred in litigating claims against Equitable Title from costs it incurred in litigating claims against the Passarelli Defendants, or against other defendants. (Dkt. 465, p.9.)

Accordingly, the Court directed Lehman Brothers to file an amended motion, in which it sought only "costs associated with the seven properties for which the jury found that Equitable Title had breached the closing instruction contracts" and "costs associated with litigating its negligence and negligent misrepresentation claims against the Passarelli Defendants." (Dkt. 465, p. 9.) Furthermore, the Court directed Lehman Brothers to explain the appropriate method for apportioning the costs between these two defendants, and to re-submit detailed costs records in an organized fashion. (Dkt. 465, p. 9.)

### III.  Lehman Brothers' Amended Motion for Costs Against Equitable Title and the Passarelli Defendants

In its amended motion, Lehman Brothers now seeks only $26,538.87 from Equitable Title (for costs incurred in litigating the seven breach of contract claims), and $21,134.43 from the Passarelli Defendants (for costs incurred in litigating the negligence and negligent misrepresentation claims). As directed, Lehman Brothers has apportioned the costs between the defendants. The costs were first apportioned to each party based on the party the cost related to. Then, where the costs were incurred in litigating claims against both defendants, the costs were split evenly.

In support of the motion, Lehman Brothers submitted the affidavit of William P. Heller, the plaintiff's trial counsel, which includes four charts (Exhibits A-D) that detail the specific category each cost falls under and the amount of each cost apportioned to each party. The invoices supporting each cost item are also attached in the order the costs are listed on the chart. The costs against each party are finally summarized in Exhibit E.

####    A.    Costs for Service of Summons and Subpoenas

Equitable Title objects to certain costs as non-taxable under 28 U.S.C. § 1920. First,

Equitable Title contends that Lehman Brothers may not recover private process server fees that exceed the statutory maximum. "[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921," provided that they do not exceed the statutory fees authorized in § 1921. *EEOC v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000). The current rate charged by the U.S. Marshal is $55 per hour for personal service of process. 28 C.F.R. 0.114 (a)(3)(2010).

Several of the process fees sought by Lehman Brothers exceed the statutory maximum. Accordingly, the Court shall reduce the amount that Lehman Brothers is seeking for service of process fees so that Lehman Brothers may recover no more than $55 total for each party that was served. Equitable Title and the Passarelli Defendants are each taxed $27.50 (half of the statutorily-authorized $55) for service on the following parties: Scott Hirota, George Galanoudes, and the Unknown Spouse of Galanoudes. The Passarelli Defendants are taxed the full $55 for service on Robert Smith, the Unknown Spouse of Robert Smith, Sohan Sahota, and the Unknown Spouse of Sohan Sahota. These reductions amount to $85 in non-taxable service fees. The Court has not made any reductions from the fees sought for service on the remaining parties not listed here, as those fees do not exceed $55.

Equitable Title also objects to the taxation of expedited service fees upon several of the parties. The Court agrees that these expedited, or rush, fees are not taxable under § 1920. *Am. Casualty Co. of Reading, P.A. v. Health Care Indem., Inc.*, No. 8:07-cv-421-T-33EAJ, 2009 WL 1456429, at *1 (M.D. Fla. May 22, 2009) ("[S]ome of the invoices contain charges for 'rush fees,' which are not compensable."). Where the invoice indicates the amount of the expedited service fee charged (and Lehman Brothers has not already reduced that amount from the costs they are seeking), the Court reduces the taxable amount by that charge. Therefore, Lehman

Brothers may not recover the $50.00 expedited service fee for James V. Johnson.

Some of the invoices reflect that an expedited service fee was charged, but the amount of that charge is not specified. In those instances, Equitable Title contends that the taxable amount should be reduced by $25. The Court agrees that this is a reasonable amount, as it appears that $25 was the amount of the expedited fee that was charged in some instances. Therefore, the Court has further reduced the taxable amount by $25 for each of the following witnesses: Patrick Kirkland, Equitable Title, Fred Passarelli, Kathleen Alice Taillon, Sheree Shearey, Susan Gordon, Laura Wade, Johanna Hirota, and Michael Smalley Wellington Financial Group. These reductions amount to $225.00 in non-taxable expedited service fees.

Equitable Title also objects to the taxation of service fees for 135 "Unknown Tenants," at $35 each.[1] Lehman Brothers sought to foreclose on the property rights of all the tenants living in properties at issue, and therefore asserted a foreclosure count against them.

The Court agrees that neither Equitable Title nor the Passarelli Defendants should be taxed for service on these "Unknown Tenants." Lehman Brothers' foreclosure claim against the tenants was not related to, or dependent upon, its breach of contract and negligence claims against Equitable Title and the Passarelli Defendants. Additionally, some of these unknown tenants did not live in the seven properties for which the jury found that Equitable Title breached the closing instruction contracts. In some instances, Lehman Brothers was not aware how many tenants were living in each property, and therefore was incurring service charges for tenants that

---

[1]Lehman Brothers did not seek to recover costs for service on Unknown Tenant 68. Therefore, it is actually seeking to recover costs for service on 134 tenants at $35 each, for a total of $4,690.

did not even exist.[2]  Accordingly, Lehman Brothers may not recover $4,690.00 in service fees on the 134 unknown tenants.

For these reasons, Lehman Brothers also may not recover the additional service fees on the tenants living at 4127 Tonga Lane, 7234 Kauai Loop, 7238 Kauai Loop, 4142 Tonga Lane, and 4146 Tonga Lane, which amounted to $1,955.00 in additional service fees.  Lehman Brothers has not met its burden of demonstrating that the foreclosure claim against these tenants was related to its claims against Equitable Title and the Passarelli Defendants, nor has it explained why these service fees are not duplicative of the $35 service charge.

Finally, Equitable Title objects to a $300 bill, which included fees for service on the four LeKites, on Victor Angel, and on the Sunset Bay Club Members Association, Inc.  Equitable Title concedes–and the Court agrees–that it may be taxed with half the $30 service fee for each of the four LeKites, which amounts to $60 taxed against Equitable Title and $60 taxed against the Passarelli Defendants.  However, Lehman Brothers may not recover service fees for Victor Angel because it did not prevail on the claim as to that property.  Furthermore, Lehman Brothers may not recover fees for service on Sunset Bay Club Members Association, Inc. because its foreclosure claim against that party was not related to, or dependent upon, its claims against Equitable Title or the Passarelli Defendants.  Accordingly, $180 of the $300 bill is not taxable.

In summary, out of the $8,482.40 that Lehman Brothers seeks in services fees, only $1,297.40 is taxable.  Equitable Title shall be taxed $787.40 in service fees, and the Passarelli

---

[2]Furthermore, without any explanation, Lehman Brothers arbitrarily attributed the first 75 of these unknown tenants to both Equitable Title and the Passarelli Defendants, and the remaining 60 to the Passarelli Defendants alone.  Lehman Brothers has not proven that these tenants lived in the seven properties for which Equitable Title was found to have breached the closing instructions contracts.

5

Defendants shall be taxed $510.00 in service fees.

      **B.**      **Filing Fees**

Equitable Title next objects to the taxation of $29 filing fee that Lehman Brothers incurred when it filed a complaint in Pasco County. Although "[f]ees of the clerk" are taxable under section 1920(1), Lehman Brothers has not met its burden of demonstrating how its Pasco County suit is related to this suit or its claims against these defendants, nor has it established that it was a prevailing party against either Equitable Title or the Passarelli Defendants in that suit. Accordingly, the $29 filing fee is not taxable.

The $350 filing fee for this suit is taxable, and the Court shall divide this cost evenly between Equitable Title and the Passarelli Defendants.

      **C.**      **Costs for Depositions, Transcripts, and Court Reporters**

Lehman Brothers seeks to recover $37,336.42 from the defendants in costs for depositions, transcripts, and court reporters. Section 1920(2) provides that "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable. To be taxable, the party must show that the deposition transcripts were necessarily obtained for use in the case, although it is not necessary that the deposition be used at trial for it to be taxable. *EEOC*, 213 F.3d at 621.

Many of the charges Lehman Brothers is seeking to recover are not taxable, such as costs for shipping and handling, CD transcripts, and binding of exhibits. *Ferguson v. Bombardier Servs. Corp.*, No. 8:03-cv-539-T-30MSS, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007) ("[I]mbedded in the deposition transcript fees are fees for converting the videos to digital, expedited or condensed transcripts, and copies, all of which are not reimbursable under § 1920");

*Eggleston v. Bradshaw*, No. 02-80555-CIV, 2007 WL 1760912, at *4 (S.D. Fla. June 18, 2007) (ruling that costs for shipping, handling, and delivery are not recoverable). Furthermore, costs incurred for the convenience of counsel, such as for realtime, are not taxable. *Faucette v. Nat'l Hockey League*, No. 8:04-cv-2185-T-24EAJ, 2006 U.S. Dist. LEXIS 49645, at *5 (M.D. Fla. July 19, 2006).

      The Court reviewed each of the invoices submitted by Lehman Brothers and determined that $11,857.43 is taxable. The Court arrived at this amount by eliminating the following types of charges: realtime, shipping and handling, copies of transcripts, rough drafts, ASCII Disks, condensed transcripts, "reading & signing administrative fees", "e-tran/email fees," "e-transcript services," CD rom/mini transcripts, courier services, appearance fees, and "rough ASCII via email." When the invoice did not differentiate between taxable charges (such as the original transcript) from non-taxable charges (such as realtime), no amount was awarded. Additionally, when the invoice indicated a charge for the original transcript and one copy together as one line item, the Court taxed half of the amount of that charge. Furthermore, the Court eliminated charges for transcripts of court hearings and trial because those transcripts were expedited, ordered after the trial, and/or Lehman Brothers failed to show how they were necessary for trial. Finally, the Court eliminated the $8,050.25 charge for litigation consulting, graphics, and slide presentation at trial, as that charge is excessive and not taxable under the statute.

      It is the responsibility of the party who is seeking to recover its costs to provide the Court with adequate documentation and explanation of the amounts it is seeking to recover. The Court will not guess what amounts are taxable when those charges are not specifically delineated in the invoice. Furthermore, the Court notes that this is Lehman Brother's second attempt at providing

the Court with the proper documentation to substantiate its costs.

In summary, the Court finds that, out of the $37,336.42 that Lehman Brothers is seeking in depositions, transcripts, and court reporter fees, only $11,857.43 is taxable. The Court divides this amount evenly, such that Equitable Title shall be taxed $5,928.72, and the Passarelli Defendants shall be taxed $5,928.71.

**D.     Witness Fees**

Finally, Equitable Title asserts several objections to the witness fees sought by Lehman Brothers, including that Lehman Brothers' fees exceed the statutory maximum, and that witnesses should only receive a fee for the days that he or she testified at trial. The Court finds these arguments persuasive.

Lehman Brothers seeks to recover witness fees for the depositions of several witnesses, including Joanna Brooks, Patrick Kirkland, Johanna Hirota, James Johnson, Michael Smalley, Kathleen Alice Taillon, Susan Gordon, Sherie Shearey, Brad Johnson, Laura Wade, Fred Passarelli, Larry Joseph, and T.R. Dixon & Associates, Inc. Title 28 U.S.C. Section 1821(b) provides for a $40 per day witness fee for a witness's appearance *at trial*. *See Crawford Fitting Co. v. J.T. Gibbons*, Inc., 482 U.S. 437, 442 (1987). Lehman Brothers has failed to cite any authority that would permit the Court to tax the defendants witness fees for attendance at depositions. Moreover, Lehman Brothers has failed to provide the court with proper documentation of these charges. Furthermore, to the extent that Lehman Brothers is seeking recover fees for these witnesses that were subpoenaed for trial but did not testify, Lehman Brothers failed to demonstrate why their appearance at trial was necessary. Accordingly, these witness fees are not taxable.

Lehman Brothers also seeks to recover witness fees for several witness who appeared at trial. For Susan Gordon, Lehman Brothers seeks to recover $115.83 for "travel, deposition, and trial." Section 1821(c) provides for a travel allowance for mileage, toll charges, and parking fees for a witness incurring such expenses. However, Lehman Brothers has failed to provide any documentation, such as receipts for parking, tolls, or mileage, to support the $115.83 charge. Accordingly, the Court shall permit Lehman Brothers to recover a $40 witness fee for Susan Gordon from Equitable Title, but the remainder is not taxable.

For Johanna Hirota, Lehman Brothers seeks to recover a $40 witness fee. Equitable Title argues that this is not taxable because Ms. Hirota was a defendant in this case and therefore was under an obligation to cooperate and appear at trial. The Court rejects this argument because, by the time of trial, Ms. Hirota had already settled with Lehman Brothers and was otherwise not required to be present at trial. Accordingly, the Court shall tax a $40 witness fee for Johanna Hirota against Equitable Title.

For Laura Wade, Lehman Brothers seeks to recover $138.38 for "travel, deposition, and trial," and $162.13 for "second day of testimony and travel." Lehman Brothers provided documentation, including a letter and receipts, for the $162.13 charge, and the Court finds those costs taxable against both Equitable Title and the Passarelli Defendants. The remainder is not taxable because Lehman Brothers failed to provide any documentation.

For Fred Passarelli, Lehman Brothers seeks to recover a $120 witness fee for "two day deposition and one day trial." These costs are not taxable because Lehman Brothers may not recover witness fees for depositions and because it did not provide any documentation.

For Brad Johnson, Lehman Brothers seeks to recover a $120 expert witness fee for "three

day trial." And, for T.R. Dixon, Lehman Brothers seeks a $40 expert witness fee for one day of trial. Lehman Brothers has provided invoices to document these experts' appearance at trial. These costs are therefore taxable.

In summary, out of the $1,475.48 that Lehman Brothers seeks in witness fees, only $402.13 is taxable. Equitable Title shall be taxed $241.07 in witness fees, and the Passarelli Defendants shall be taxed $161.06 in witness fees.

## IV. Conclusion

For the reasons stated, Lehman Brothers' Amended Motion for Costs Against Equitable Title and the Passarelli Defendants (Dkt. 475) is **GRANTED IN PART AND DENIED IN PART**. The total amount of taxable costs that Lehman Brothers is entitled to is $13,906.96, which represents $7,132.19 against Equitable Title, and $6,774.77.

However, in its December 16, 2009 order, the Court granted Equitable Title's motion to recover the costs it incurred in defending Lehman Brothers' breach of contract claim for the two Victor Angel properties. (Dkt. 465, p. 9-12.) The Court held that Equitable Title was entitled to recover $5,503.09 in taxable costs from Lehman Brothers, and that it would set off Lehman Brothers' award of costs by this amount, once the issue of Lehman Brothers' costs was resolved. The Court therefore reduces Lehman Brothers' taxable costs by $5,503.09.

After that reduction, Lehman Brothers is awarded costs in the amount of $1,629.10 from Equitable Title, and is awarded costs in the amount of $6,774.77 from the Passarelli Defendants.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of July, 2010.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge